```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
FERNANDO VELASQUEZ-MARTINEZ and              :
MIGUEL RUEDA SANCHEZ, individually and       :
on behalf of others similarly situated;      :
                                             :
                              Plaintiffs,    :
                                             :
               -against-                     :
                                             :
GREEN APPLE GOURMET INC. (D/B/A              :
GREEN APPLE GOURMET FOOD (F/D/B/A            :
EZ DELI)); ERIC KING; MIN J CHO;             :
HECTOR PEREZ; and POPY DOE;                  :
                                             :
                              Defendants.    :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/2019

18-CV-6366 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 19, 2019, the parties submitted their settlement agreement and a letter motion requesting that the Court approve the agreement as fair under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *see* Dkt. 39,

IT IS HEREBY ORDERED that the parties' settlement agreement is <u>provisionally</u> approved as fair and reasonable on the condition that the parties address the following issues:

1. Paragraph 2 must be amended to provide that Plaintiffs will only be responsible for indemnifying and holding Defendants harmless for damages, penalties, interest, attorneys' fees and/or judgments that Defendants incur solely as a result of Plaintiffs' tax treatment of their respective settlement payments.

2. The Court is willing to approve attorneys' fees of no more than $24,500, which is about 4.5 times a lodestar adjusted by:

   a. Reducing Sara Isaacson's hourly rate to $250 and Joshua Androphy's to $350;

      b. Assuming that attorney travel time, when noted, was at least but was no more than an hour and compensating that time at fifty percent of the attorney's normal hourly rate;

      c. Excluding the 0.6 hours spent drafting discovery requests on October 19, 2018 because there is no indication that those requests were ever served.

The Court agrees that the lodestar is not controlling because Plaintiffs agreed to a contingency-fee arrangement. Nonetheless, the requested fee of $32,483 is unfair given the limited amount of work Plaintiffs' counsel performed in this case. An award of 4.5 times the adjusted lodestar is more than adequate to compensate Plaintiffs' counsel.

As an additional reason to adjust the fees sought, the Court notes that the hours reported to the Court as having been spent working on this case are suspect for at least two reasons: (a) no time was logged for an initial consultation or the drafting of the Complaint; and (b) the three hours that Mr. Androphy allegedly spent drafting the settlement agreement and settlement-approval letter cannot be correct: both are essentially boilerplate documents that Mr. Androphy and the firm with which he is associated have submitted countless times to this Court and other judges of this district.

3. The increase in Plaintiffs' net recovery resulting from the above reduction in attorneys' fees should be split between Plaintiffs in proportion to their share of the overall recovery from the settlement.

The parties must address these issues and submit a revised settlement agreement no later than **May 10, 2019**.

**SO ORDERED.**

                                                                              */s/ Valerie Caproni*

**Date:  April 23, 2019**                                        **VALERIE CAPRONI**
        New York, New York                              **United States District Judge**