UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO VELASQUEZ-MARTINEZ and MIGUEL RUEDA SANCHEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>GREEN APPLE GOURMET INC. (D/B/A GREEN APPLE GOURMET FOOD (F/D/B/A EZ DELI)), ERIC KING, MIN J CHO, HECTOR PEREZ, and POPY DOE,<br><br>*Defendants.* | 18-cv-06366-VEC<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Fernando Velasquez-Martinez and Miguel Rueda Sanchez ("Plaintiffs") on the one hand and Green Apple Gourmet Inc. (d/b/a Green Apple Gourmet Food and the predecessor –in-interest EZ Deli)), ("Defendant Corporation") and Eric Kim, (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants Green Apple Gourmet Inc. and Eric Kim as employees; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-06366-VEC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws or any other labor laws or regulations complained of by plaintiffs; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Ninety Five Thousand Dollars and No Cents (**$95,000.00**) (the "Settlement Amount") to be paid to Plaintiffs as follows:

    (a)    Payment in the amount of Ninety Five Thousand Dollars and Zero Cents ($95,000.00) for immediate deposit on the later of (A) forty two Days (42) after court approval of the settlement agreement or (B) July 12, 2019. The payment shall consist of three separate checks: one check in the amount of ($46,374.90) made payable to Fernando Velasquez-Martinez, one check in the amount of ($24,125.10) made payable to Miguel Rueda Sanchez and one check in the amount of ($24,500.00) made payable to Michael Faillace and Associates, P.C. All checks shall be delivered to Plaintiff's counsel offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

Within the later of 42 days of this Agreement being approved by the Court or July 12, 2019, the payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said check shall constitute a default under the Agreement. Plaintiffs and/or their attorneys to provide executed W-9(s) prior to payment.

The Court shall dismiss this Litigation with prejudice, in the form set forth in Exhibit A to this Agreement.

    2.    Plaintiffs and their counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, for payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants solely as a result of Plaintiffs' tax treatment of their respective settlement payments

    2.    <u>Release and Covenant Not To Sue</u>:  Plaintiffs hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. **Acknowledgments:** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jonathan Yoon Sue
Law Offices of Jonathan Y. Sue, PLLC
303 Fifth Avenue, Suite 1207
New York, NY 10016
Tel: 212-967-1001
Email: js@jyspllc.com and admin@jyspllc.com

7. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

8. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

11. Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its/their own attorneys' fees and costs in connection with this Litigation.

12. **Accord and Satisfaction:** Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claims(s) and sufficient basis for immediate dismissal.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____ Date: 05/15/19
Fernando Velasquez-Martinez

By: _____ Date: 05/15/19
Miguel Rueda Sanchez

DEFENDANTS:

By: _____ Date: 5/15/19
Green Apple Gourmet Inc.
(d/b/a Green Apple Gourmet Food
(f/d/b/a EZ Deli))

By: _____   Date: 5/15/19
    Eric Kim